IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donna L.,[1] | C/A No.: 1:21-3755-SAL-SVH |
| Plaintiff, | |
| vs. | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ORDER |
| Defendant. | |

Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), by her attorneys, Corey F. Ellis, Interim United States Attorney for the District of South Carolina, and Beth Drake, Assistant United States Attorney for said district, has moved this court, pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings. [ECF No. 15]. The motion represents that Plaintiff's counsel consents to the motion. *Id.*

Plaintiff filed a brief arguing: (1) substantial evidence does not support the residual functional capacity ("RFC") assessment for light work; and (2) the Administrative Law Judge ("ALJ") failed to consider the combined effect

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

of her impairments [ECF No. 14]. The Commissioner declines to address these issues with specificity, but concedes that remand is appropriate pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the court to remand the case where the Commissioner's decision is not supported by substantial evidence or where she failed to apply the proper legal standard. [ECF No. 15].

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g),[2] and given the parties' request for remand, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Upon remand, the Appeals Council shall vacate the decision and refer the case to a different ALJ, who shall further evaluate Plaintiff's claim and issue a new decision. The ALJ is directed to reevaluate Plaintiff's alleged symptoms and her residual functional capacity and to obtain evidence or testimony from medical and vocational experts, as necessary. The Clerk of Court is directed to enter a separate judgment pursuant to Fed. R. Civ. P. 58.

---

[2] Pursuant to the court's standing order, *In the Matter of Consensual Dismissal of Actions Before Magistrate Judges*, M-90-3-FBH, and in accord with 28 U.S.C. § 636(c), the undersigned is authorized to enter judgment in the case.

IT IS SO ORDERED.

April 20, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge